JOHN W. MUIJE & ASSOCIATES
JOHN W. MUIJE, ESQ.
Nevada Bar No. 2419
1840 East Sahara Avenue, Suite 106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Facsimile: 702-386-9135
Email: jmuije@muijelawoffice.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QADIR BAKHSH, | CASE NO.:   2:15-cv-01948-GMN-CWH |
| Plaintiff, | |
| vs. | |
| MUHAMMAD Q. KHAN, et al., | |
| Defendants. | |

## STIPULATION AND ORDER FOR STANDSTILL AND RESERVATION OF RIGHTS AND RELATED MATTERS PENDING APPROVAL OF SETTLEMENT

Debtor-Defendant, Maimoona Q. Khan ("Mrs. Khan" or the "Debtor" as applicable), Defendant Muhammad Q Khan, and Plaintiff, Qadir Bakhsh ("Mr. Bakhsh"), hereby stipulate and agree (the "Stipulation") as follows:

1. This Court ordered this matter STAYED (Docket #35) pending developments in the Bankruptcy of Defendant Maimoona Q. Khan, discussed below.

2. On November 12, 2008, Mr. Bakhsh filed an action against Mrs. Kahn and her husband, Dr. Muhammad Khan ("Dr. Khan" and together with Mrs. Khan, the "Khans") in the Eighth Judicial District Court (the "Nevada State Court"), Case No. 08A575554 (the "First Action").

- 1 -

3.   On January 28, 2015, Mr. Bakhsh obtained a *Judgment* (the "Judgment") against the Khans in the amount of $411,359.77, plus interest, in the First Action.

4.   On September 8, 2015, Mr. Bakhsh, acting through new counsel, John Muije, Esq. ("Mr. Muije"), filed a separate action against the Khans and various other defendants including Salim Attiya, Khronusova Yekaterina, Saima Bhatti, Bright Star, Ltd., Bright Star Contracting, Ltd., AMPAK Enterprises, LLC, and MQ Fam (collectively, the "Other Defendants") in Nevada State Court, Case No. A-15-724254-C (the "Second Action"), which essentially was in aid of collection of the Judgment from the First Action.

5.   On October 21, 2015 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing her chapter 7 bankruptcy case (the "Bankruptcy Case"). Dr. Kahn was not a debtor in the Bankruptcy Case. Lenard Schwartzer was appointed as the Trustee over the Debtor's Bankruptcy Case.

6.   On February 29, 2016, Mr. Bakhsh filed his *Bankruptcy Court Adversary Complaint* [Adv. ECF No. 1], ("Adversary Proceeding") asserting claims against the Defendant pursuant to sections 523(a)(4) and (a)(6), and 727(a)(2)(A) and (a)(3) of the Bankruptcy Code.

7.   On August 15, 2016, the Bankruptcy Court entered an order approving an application to employ Mr. Bakhsh's counsel, Mr. Muije, as special counsel to the Chapter 7 Trustee on a contingency basis to both pursue objections to the exemptions, and to pursue avoidance and recovery of transfers on behalf of the Chapter 7 Trustee. [Bankruptcy ECF No. 110].

8.   On June 30, 2016, the parties to the Adversary Proceeding entered into a *Standard Discovery Plan* [Bankruptcy Adv. ECF No. 14], which provided for an original discovery cutoff of November 28, 2016 (as amended, the "Discovery Cutoff"). Stipulations for extensions to discovery were filed and entered on November 28, 2016 [Bankruptcy Adv. ECF No. 35], December 15, 2016 [Bankruptcy Adv. ECF No. 38]; and December 27, 2016 [Bankruptcy Adv. ECF No. 40].

9.   The Parties attended a lengthy settlement conference on January 10, 2017 and continuing to January 13, 2017 before the Hon. Gary Spraker, Federal Bankruptcy Judge, and, at the conclusion thereof, and after substantial negotiations at arms' length and in good faith, put on the

record the terms of a global settlement agreement (the "Settlement") of all matters in the Bankruptcy Case, the Adversary Proceeding and this Second Action in Nevada State Court, thereby resulting in a complete resolution of all of the foregoing matters, subject to the terms and conditions put on the record for the Settlement, which will also need to be reduced to writing, and subject to approval by the Bankruptcy Court.

10. The terms of the Settlement require the Khans to pay the Trustee the sum of $50,000.00 (the "Down Payment") within sixty (60) days of conclusion of the settlement conference, and thus on or before March 14, 2017. Upon the Chapter 7 Trustee's receipt of the Down Payment from the Khans, and confirmation of the same in available funds, the Parties shall file a motion seek approval of the Settlement with the Court pursuant to Fed. R. Bankr. P. 9019, 7041 and otherwise (the "Approval Motion").

**11. Currently pending in the Bankruptcy Adversary Proceeding are at least the following deadlines, hearings and trial dates, among other pending discovery and related deadlines**:

(a) Deadline to file responses to motions in limine - March 14, 2017

(b) Pre-trial conference - March 28, 2017 at 10:00 a.m.

(c) Deadline to provide exhibits/witness list to Courtroom Deputy - March 30, 2017;

(d) Trial - April 3,. 2017, April 4, 2017 and April 10, 2017 at 9:30 a.m.

12. Those dates have all been vacated, and the parties are in the process of finalizing settlement documentation and obtaining Bankruptcy Court approval of the settlement.

13. It is the intention of the Parties that all of their respective rights, claims, defenses, arguments and remedies of all parties, including but not limited to the Parties, and regardless whether in the Bankruptcy Case, the Adversary Proceeding, this case and/or the Second Action in Nevada State Court, shall be fully reserved, preserved, held in abeyance, and at a standstill and without prejudice as how they existed on January 13, 2017 pending the hearing on the Bankruptcy Approval Motion. As a result, should the Court not approve the Settlement for any reason per the Approval Motion, or the Settlement is not otherwise consummated for any reason, all parties, including but

not limited to the Parties, shall retain any and all rights, claims, defenses, arguments and remedies as they existed and without prejudice as of January 13, 2017.

**NOW, THEREFORE**, the Parties respectfully request that the Court enter the proposed Order that follows below, thereby authorizing and approving this Stipulation and granting the relief requested herein

DATED: ~~March~~ April 4, 2017

PREPARED AND SUBMITTED:

JOHN W. MUIJE & ASSOCIATES

By: _____
JOHN W. MUIJE, ESQ.
Nevada Bar No 2419
1840 E. Sahara Avenue, #106
Las Vegas, Nevada 89104
Telephone: (702) 386-7002
Facsimile: (702) 386-9135
E-Mail: john@muijelawoffice.com
Attorney for Plaintiff
*QADIR BAKHSH*

DATED: ~~March~~ April 04, 2017

APPROVED:

MUHAMMAD Q. KHAN

By: _____
MUHAMMAD Q. KHAN
852 Temple View Drive
Las Vegas, Nevada 89110

- 4 -

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002  Fax: (702) 386-9135

**ORDER**

Based upon the above and foregoing Stipulation of counsel for the parties,

IT IS ORDERED, ADJUDGED AND DECREED that the above and foregoing Stipulation of the parties is ratified and approved, and the matter shall continue to be stayed until further Order of the Court,

IT IS FURTHER ORDERED that the parties shall notify this Court of the bankruptcy court's decision as to the parties settlement.

IT IS FURTHER ORDERED that upon receipt of the parties' notice, this Court will issue further orders as required.

IT IS SO ORDERED.

DATED: April 6, 2017

_____
UNITED STATES MAGISTRATE JUDGE